UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA DANIEL TINNEY**,<br><br>Plaintiff,<br><br>vs.<br><br>**DETROIT REENTRY CENTER and KIMBERLY CURRIE**,<br><br>Defendants. | 2:19-CV-10894-TGB<br><br>**OPINION AND ORDER OF SUMMARY DISMISSAL** |

This is a *pro se* civil rights case. At the time he filed the complaint, Joshua Daniel Tinney ("Plaintiff") was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.[1] Plaintiff asserts claims under 42 U.S.C. § 1983. He names two defendants, the Detroit Reentry Center and Kimberly Currie, a hearings investigator, and alleges they denied him due process in a disciplinary proceeding. He seeks injunctive and monetary relief. Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth, the Court dismisses the complaint for failure to

---

[1] **Error! Main Document Only.**The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Petitioner was released on parole on June 19, 2019 and discharged from parole on June 23, 2020. The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

state a claim upon which relief may be granted.

## I. Factual Allegations

Plaintiff alleges that, on August 21, 2018, he was taken from the prison yard for a strip search. The strip search yielded no contraband, but Plaintiff was nevertheless placed in segregation. Less than 48 hours later, he was charged with unauthorized possession of prescription medication because Corrections Officer Henderson had seen him discard a package containing the medication.

A misconduct hearing was conducted on August 23, 2018. Plaintiff testified that he never had possession of the medication. He requested production of video footage from the prison yard, claiming that Corrections Officer Henderson told Plaintiff he had reviewed the footage. Officer Henderson denied seeing a video of the incident and denied telling Plaintiff that he had seen it. He also testified that Plaintiff received a handoff from another prisoner and that Plaintiff threw the substance onto the grass when he saw a corrections officer pursuing him. The substance was later tested and determined to be prescription medication not prescribed for Plaintiff.

Plaintiff was found guilty of the misconduct and sentenced to thirty days toplock.[2]

---

[2] MDOC Policy Directive No. 03.03.105 explains that a prisoner on toplock is generally confined to his own cell or bunk area, must receive permission from an appropriate staff person before leaving his cell, and may be denied use of television, radio, and

## II. Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair

---

other media players. Further, prisoners must be released from toplock for regular showers, medical care, school, and law library. At the discretion of the warden, a prisoner on toplock may be permitted to go to the dining room, work assignments and other specified activities such as religious services. Prison officials must also allow prisoners on toplock a minimum of one hour per day of out-of-cell activity. *See* MDOC Policy Directive No. 03.03.104.MMM-OOO.

notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Plaintiff argues that defendants violated his due process rights during the August 2018 disciplinary proceedings. Specifically, he alleges they failed to provide adequate time to prepare for the hearing; failed to provide him with an investigation packet prior to the hearing; and either conspired to hide video evidence or failed to preserve the evidence.

A prison disciplinary action does not implicate a liberty interest requiring due process safeguards unless the punishment imposed will inevitably affect the duration of an inmate's sentence or inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Toplock conditions like those imposed upon Plaintiff "have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest without regard to duration."

4

*Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). The Sixth Circuit has held that a penalty of thirty days in disciplinary segregation does not rise to the level of an atypical and significant hardship. *Bey v. Palmer,* No. 16-2790, 2017 WL 2820953, *2 (6th Cir. May 23, 2017). *See also Sandin*, 515 U.S. at 485-86 (holding that 30 days of disciplinary segregation did not give rise to a protected liberty interest); *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (finding that temporary confinement to administrative segregation, including confinement to cell for 23 hours per day, was not an atypical or significant hardship). Because Plaintiff's misconduct conviction did not result in either an extension of the duration of his sentence or some other atypical hardship, his due-process claim fails.

Alternatively, the Detroit Reentry Facility is subject to dismissal on the ground of Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). The Michigan Department of Corrections is an arm of the State of Michigan and, therefore, both are immune from suit under the Eleventh Amendment. *See Harrison v.*

*Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Moreover, a state prison facility is not a person or legal entity capable of being sued under § 1983. *See Parker v. Michigan Department of Corrections,* 65 Fed. App'x 922, 923 (6th Cir. 2003).

### IV. Order

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**IT IS FURTHER ORDERED**, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge